FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUN 0 7 2010

JAMES N. HATTEN, Clerk
By: [signature] Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ABDOLLAH ZEKRI, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MACY'S RETAIL HOLDINGS, INC., a New York corporation,<br><br>Defendants. | CIVIL ACTION FILE NO.<br>**1 10-CV-1740-MHS**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Abdollah Zekri, on behalf of himself and all others similarly situated (hereinafter "**Plaintiff**" or "**Zekri**"), through his counsel, Stephen M. Katz, for his Complaint, respectfully show as follows:

1

## NATURE OF THIS ACTION

1.

This is an action brought under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* (hereinafter, "**FLSA**") to recover unpaid overtime compensation, double damages, and attorneys fees.

## PARTIES

2.

**ZEKRI**, the named Plaintiff in this action, is an individual living in the Northern District of Georgia.

3.

Macy's Retail Holdings, Inc. (hereinafter "**Defendant**" or "**Macy's**") is a corporation which, at all times relevant hereto, maintained operations in the State of Georgia, and transacted regular, not isolated, acts of business within this judicial district, metropolitan Atlanta, Georgia as well as nationally.

4.

Macy's can be served by delivering a copy of the summons and complaint to its registered agent, Corporation Service Company, 40 Technology Parkway South #300, Norcross, Georgia 30092.

5.

Defendant is engaged in commerce as defined under the FLSA at 29 U.S.C. § 203(b).

6.

Defendant is an "enterprise engaged in commerce or in the production of goods or services for commerce" pursuant to the FLSA, 29 U.S.C. § 201 *et. seq.*

7.

At all relevant times, Defendant has been and remains, an Employer as defined under the FLSA at 29 U.S.C. § 203(d) in that it acted ". . . directly or indirectly in the interest of an employer in relation to an employee. . ."

8.

As an employer engaged in commerce, Defendant is subject to the requirements of the FLSA, 29 U.S.C. §201 *et. seq.*

## JURISDICTION

9.

Jurisdiction over this action is conferred on this Court by §216(b) of the FLSA as well as 28 U.S.C. §1331.

3

## VENUE

10.

Venue is proper in the Northern District of Georgia in that all of the acts complained of took place in this judicial district.

## FACTS

11.

Plaintiff was employed by Macy's under the title of "sales manager" and was so employed within the preceding five (5) years.

12.

Plaintiff's job title was misclassified as a manager because Plaintiff's job duties while employed by Defendant consisted primarily of customer service related sales and managing merchandise i.e. serving customers, stocking shelves, loading and unloading boxes.

13.

Plaintiff did not have discretionary authority in his position.

14.

While employed by Defendant, Plaintiff and the putative class of individuals have consistently worked over 40 hours per week. Plaintiff and the

putative class members are similarly situated in terms of pay and compensation.

15.

Defendant never provided Zekri or members of the putative class with overtime compensation for hours worked in excess of 40 hours in a workweek.

16.

Plaintiff has worked not less than an average of 65-70 hours per week for the preceding four (4) years.

## CLAIM FOR RELIEF
## VIOLATION OF 29 U.S.C. § 216(b)
## (FLSA)

## COUNT I

17.

Plaintiff repeats and realleges each and every paragraph set forth in paragraphs 1 to 16 as if fully set forth at length herein.

18.

Defendant repeatedly and willfully violated the provisions of §§7 and §§15(a)(2) of the FLSA, 29 U.S.C. §207 and §215(a)(2) by employing employees, including Plaintiff, engaged in commerce or in the production of goods for

commerce, for work weeks longer than 40 hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed.

19.

Plaintiff, as well as those similarly situated to him, were regularly compelled to work more than 40 hours per week but were and are not paid overtime compensation as required under the FLSA.

20.

Plaintiff, and those similarly situated to him are not exempt employees under the FLSA; thus, Defendant was required to pay them overtime compensation for all hours worked each week in excess of 40.

21.

Defendant's violations of the overtime pay requirements set forth in the FLSA were systematic, voluntary and willful.

22.

Defendant owes the named Plaintiff, and those similarly situated to him, overtime pay for work performed but not compensated in an amount to be determined in this collective action, plus liquidated damages in an equal amount pursuant to 29 U.S.C. §216(b).

## COUNT II

23.

Plaintiff incorporates the allegations contained in paragraphs 1 through 22 of this complaint as though the same were fully set forth at length herein.

24.

Within the preceding two years, Defendant, an employer subject to the provisions of the FLSA, repeatedly violated the provisions of §§11(c) and §§15(a)(5) of the FLSA, 29 U.S.C. §211(c) and §215(a)(5) and the Department of Labor regulations at 29 C.F.R. §516 by failing to make, keep and preserve adequate and accurate records of the persons employed and of the wages, hours, and other conditions and practices of employment maintained by them.

25.

Plaintiff is entitled to relief, shifting the burden of proof to Defendant with regard to the amount of overtime worked due to the violation of §§11(c) and §§15(a)(5) of the FLSA, 29 U.S.C. §211(c) and §215(a)(5) and the Department of Labor regulations at 29 C.F.R. §516.

**WHEREFORE**, Plaintiff demands relief as follows:

1. That process issue and that Defendant be served according to law;

2. An Order finding that Defendant violated §215(a)(2) and §216(b) of

the FLSA;

3.  Judgment in favor of Plaintiff and all those similarly situated to him and against Defendant for unpaid overtime compensation together with double damages;

4.  Pursuant to §216(b) of the FLSA, judgment in favor of Plaintiff and those similarly situated to him and against Defendant for reasonable attorneys fees;

5.  Judgment in favor of Plaintiff and those similarly situated to him and against the Defendant for prejudgment interest;

6.  Judgment in favor of Plaintiff and those similarly situated to him and against the Defendant for all taxable and non-taxable costs;

7.  Pursuant to the Seventh Amendment to the United States Constitution and Rule 38, F.R.Civ.P., **TRIAL BY JURY** on all claims on which a jury trial is available;

8.  Such other, further and different relief as this Court deems appropriate.

This __4th__ day of June, 2010.

                          Respectfully submitted,

                          By: _[signature]_

                          Stephen M. Katz
                          Ga. Bar No. 409065

**THE KATZ LAW GROUP**
284 Village Parkway
Marietta, Georgia 30067-4062
Telephone:  404.848.9658
Facsimile:   404.848.9904
E-Mail: smkatz@smk-law.com

# CERTIFICATE OF SERVICE

This is to certify that I have this date served upon all counsel of record the foregoing

## COMPLAINT

by filing the document and all attachments thereto, if any, with the Clerk of the United States District Court for the Northern District of Georgia. Undersigned counsel has provided copies of the documents as indicated below:

- ■ **United States Mail.** By depositing same in the United States Mail in an envelope properly addressed, with sufficient postage thereon to Defendant

- ☐ **Overnight Delivery.** By depositing the pleading with an overnight delivery service in an overnight envelope, properly addressed, charges prepaid;

- ☐ **Hand Delivery.** By providing a copy of the document to opposing counsel via courier.

- ☐ **Facsimile.** By transmitting the pleading to the following telephone numbers via facsimile, confirmation sheets attached hereto;

- ☐ **E-Mail.** By transmitting the pleading via e-mail to the following e-mail addresses,

☐    **None**.  The document set forth above was delivered to all counsel of record solely by the CM/ECF electronic filing system.

This 7th day of June, 2010.

**s/ Stephen M. Katz**
Stephen M. Katz
Georgia Bar No. 409065

**THE KATZ LAW GROUP**
Suite 130
255 Village Parkway
Marietta, Georgia 30067-4162
Telephone: 404.848.9658
Facsimile: 404.848.9904
E-Mail: smkatz@smk-law.com